IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>DENNIS G. RUSSELL<br>[DOB: 05/11/1957]<br><br>And<br><br>RISON of KC, INC.,<br>DBA NATIONAL PAWN,<br>[ADDRESS: 6223 East Truman Road<br>Kansas City, Missouri 64126]<br><br>                    Defendants. | Case No.    23-00057-01/02-CR-W-HFS<br><br>**COUNT ONE:**<br>*(Conspiracy to Commit Interstate Transportation of Stolen Property)*<br>18 U.S.C. § 371<br>NMT: 5 Years' Imprisonment<br>NMT: $250,000 Fine<br>NMT: 3 Years' Supervised Release<br>Class D Felony<br><br>**FORFEITURE ALLEGATION:**<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c)<br><br>$100 Mandatory Special Assessment<br><br>Restitution May be Ordered |

## I N F O R M A T I O N

THE UNITED STATES ATTORNEY CHARGES THAT:

### Introduction and Background

At times relevant to this Information:

1. Dennis G. Russell (Russell) was an individual who resided in the Western District of Missouri.

2. Rison of KC, Inc., was a registered Missouri corporation with its principal place of business located at 6223 East Truman Road, Kansas City, Missouri 64126, a location within the Western District of Missouri. Rison of KC, Inc., conducted business as National Pawn. The Rison of KC, Inc., board of directors consisted of Russell and M.R.

3. National Pawn was a registered Missouri fictitious name with a principal place of business at 6223 East Truman Road, Kansas City, Missouri 64126. The business name National Pawn was solely owned by Rison of KC, Inc.

4. Target, Walmart, Home Depot, Lowe's, CVS, and Walgreens (retailers) were all businesses that had retail locations in the Kansas City metropolitan area. At the retailers' locations, new-in-the-original-packaging items were offered for sale.

5. eBay was an online shopping and auction website that facilitated customer-to-customer sales. Specifically, eBay provided a platform for individuals or businesses to post things for sale that other individuals or businesses could purchase.

## Description of the Conspiracy

6. It was a part of the conspiracy that multiple individuals (boosters) traveled to the retailers' locations and stole items. The boosters then transported the stolen items to National Pawn.

7. It was part of the conspiracy that—once at National Pawn—the items were purchased for a fraction of the stolen items' retail price. Defendants then posted the stolen items for sale on eBay using one of two accounts—somewhere-n-ks and 816kcmosales.

8. It was part of the conspiracy that once the stolen items were posted and sold on eBay, the defendants shipped the stolen items to purchasers around the country. Shipments of stolen items went from the Western District of Missouri to numerous other states. Over the course of the conspiracy, the defendants shipped approximately 14,672 stolen items, resulting in gross proceeds of approximately $744,222.69.

## Count One

9. Paragraphs one through eight of this Information are incorporated by reference.

10. From on or about January 1, 2017, and continuing thereafter until on or about July 27, 2021, in the Western District of Missouri, defendants Russell and National Pawn did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney's Office, to transport, transmit, and transfer in interstate commerce goods, wares, merchandise, and money of a value of $5,000 or more, that is, stolen, new-in-the-original-packaging items from retailers and other businesses, knowing the same to have been stolen, converted, and taken by fraud, contrary to Title 18, United States Code, Section 2314.

## Overt Acts

11. In furtherance of the conspiracy and to accomplish the object of the conspiracy, one or more members of the conspiracy committed or caused to be committed at least one of the following overt acts, among others, in the Western District of Missouri:

    a. In 2017, Russell knowingly purchased stolen, new-in-the-original-packaging items from Booster A. Specifically, on one occasion, on or about July 21, 2017, three stolen robot vacuum cleaners were purchased from Booster A for a fraction of the items' retail value.

    b. From December 2017 through March 2018, Russell knowingly purchased stolen, new-in-the-original-packaging items from Booster B. Specifically, stolen textbooks were purchased from Booster B for a fraction of the books' retail value. In March 2018, many of the stolen textbooks were posted for sale on eBay using the account titled somewhere-n-ks.

    c. On or about March 29, 2019, in response to eBay suspending the account somewhere-n-ks, eBay account 816kcmosales was registered in order to continue posting stolen

items for sale.

        d. In 2020 and 2021, Russell knowingly purchased stolen, new-in-the-original-packaging items from Booster C and Booster D. Specifically, from February 2020 to April 2020, Russell bought approximately 641 stolen, new-in-the-original-packaging items from Boosters C and D for a fraction of the items' retail value. The stolen items included, but were not limited to, Klein Tools drill bits, Roku television streaming devices, Google Chromecast television streaming devices, and Crest Whitestrips. After purchasing the stolen items from Boosters C and D, many of the items were posted for sale on eBay using the account titled 816kcmosales. Once sold, the stolen items were shipped to purchasers in multiple different states.

All in violation of Title 18, United States Code, Section 371.

## ALLEGATION OF FORFEITURE

12. The statements and allegations contained in paragraphs one through 11 of this Information are realleged and incorporated by reference for purposes of alleging forfeiture to the United States, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 2314; and Title 28, United States Code, Section 2461.

13. As a result of the offense alleged in Count One of this Information, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the defendant shall forfeit to the United States all property, real and personal, constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of the violations incorporated by reference in this allegation, including, but not limited to:

## Money Judgement

14. A money judgement representing proceeds obtained by the defendant in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offense set forth in Count One.

## Substitute Assets

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred, sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been comingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By:    */s/ Nicholas Heberle*

Nicholas P. Heberle
Assistant United States Attorney

Dated:   *March 24, 2023*
      Kansas City, Missouri